16-2667-cr
*United States v. Santos Rosario*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of May, two thousand seventeen.

Present:
>       AMALYA L. KEARSE,
>       DEBRA ANN LIVINGSTON,
>       RAYMOND J. LOHIER, JR.,
>               *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

>               *Appellee*,

>       v.                                                      16-2667-cr

SANTOS ROSARIO, a/k/a Santo Rosario, a/k/a Juan Mendoza, a/k/a Jose Andres Reyes,

>               *Defendant-Appellant*.

_____

For Defendant-Appellant:          Yuanchung Lee, Federal Defenders of New York, New York, NY

For Appellee:                     Sagar K. Ravi, Anna M. Skotko, *for* Joon H. Kim, Acting United States Attorney for the Southern District of New York, New York, NY

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Broderick, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Santos Rosario appeals from a July 28, 2016 judgment of the United States District Court for the Southern District of New York (Broderick, *J.*) sentencing him to thirty months' imprisonment for illegal reentry subsequent to a removal following a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). The district court ordered Rosario's thirty-month sentence to be run consecutively to a three-year term of incarceration imposed on Rosario by New York for felony drug possession, a decision Rosario argues was substantively unreasonable. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Following his illegal reentry, Rosario was arrested for heroin possession. This narcotics possession crime was prosecuted in New York state court. Rosario pled guilty to the associated charge and received a sentence of three years' imprisonment. As the state prosecution was ongoing, federal authorities filed a criminal complaint charging Rosario with illegal reentry subsequent to a conviction for an aggravated felony. Rosario pled guilty to an indictment on this federal charge and was sentenced to thirty months' imprisonment, sixteen months below the low end of the applicable Guidelines range. The district court ordered that Rosario's federal sentence run consecutively to his state term of incarceration.

On appeal, Rosario argues that the sentence imposed by the district court was substantively unreasonable because, had the two separate crimes of which he was ultimately convicted been prosecuted simultaneously in federal court, the high end of his Guidelines range,

2

taking into account the grouping rules under the Guidelines, would have been three months less than the total of the state and federal sentences that Rosario ultimately did receive. But these two crimes were not charged together, were prosecuted by two separate sovereigns, and related to two entirely distinct courses of conduct. The applicable Guidelines themselves leave it to the discretion of the district court in such circumstances whether to run the instant sentence consecutively or concurrently, and we find no abuse of that discretion here. *See* United States Sentencing Guidelines § 5G1.3(d); *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc) ("[W]hen conducting substantive review, we . . . giv[e] due deference to the sentencing judge's exercise of discretion . . . .").

In making his argument, Rosario relies heavily on language from the Supreme Court's decision in *Witte v. United States*, 515 U.S. 389 (1995), which highlighted the ways in which Section 5G1.3 of the Sentencing Guidelines "operates to mitigate the possibility that the fortuity of two separate prosecutions will grossly increase a defendant's sentence." *Id.* at 405. But the *Witte* Court was merely describing the operation of Section 5G1.3, not imposing a new rule, and was addressing the concern that a defendant's sentence will be "multiplied by *duplicative* consideration of the *same* criminal conduct," which is quite different from the concern Rosario raises here. *See Witte*, 515 U.S. at 405 (emphasis added). In any case, the district court here apparently did consider the totality of punishment, which concern drove, in part, the district court's decision to impose a below-Guidelines sentence for Rosario's illegal reentry. Because this sentence reflects a reasonable exercise of the district court's discretion, we discern no reason to disturb it on appeal.

\*     \*     \*

3

We have considered Rosario's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk